CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC -7 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAUGHTON WILLIAM LACEY, JR., ) | Civil Action No. 7:09-cv-00476 |
|     Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DANIEL BRAXTON, et al., ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

Petitioner Daughton William Lacey, Jr., also known as Baruch Yah Hawkins, filed a petition for an extraordinary writ, pursuant to 28 U.S.C. § 1651(a) ("All Writs Act"), seeking to prevent prison officials from taking his personal property from him.[1] Petitioner speculates that the respondents "will seize" these items because correctional officers told him they intend to convert and destroy them. Petitioner "is currently in the process[] of utilizing the inmate grievance procedure . . . to exhaust his administrative remedies so he may proceed to file [a civil rights] action" and quotes Virginia Department of Corrections ("VDOC") policy that prevents the destruction of property while an inmate exhausts administrative remedies about seized property. (Pet. ¶¶ 5, 8.) Petitioner specifically does not seek a temporary restraining order but requests that I issue an extraordinary writ to prevent correctional officers from seizing or destroying his property pursuant to Virginia Department of Corrections policy. (Id. ¶¶ 10, 13.)

I have the residual power to issue a writ pursuant to the All Writs Act when a statute does not specifically address the particular issue being litigated. Pennsylvania Bureau of Corr. v. United States Marshal Serv., 474 U.S. 34, 43 (1985). "Although th[e All Writs] Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or

---

[1] Petitioner also filed a motion for leave to proceed in forma pauperis.

less appropriate." Id. Therefore, a statute that specifically addresses the issue prevents the issuance of an extraordinary writ.

Petitioner may pursue remedies under 42 U.S.C. §§ 1983 and 2000cc-1 to vindicate alleged violations of his constitutional and religious rights. Petitioner recognizes that he must first exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a), before filing a civil action about prison conditions under § 1983 and § 2000cc-1. However, petitioner acknowledges that he is still pursuing VDOC appeals to exhaust his administrative remedies. Therefore, I find that I may not issue an extraordinary writ because several federal statutes specifically control the issues petitioner seeks to litigate, and I decline to construe the petition as a civil rights complaint because petitioner has clearly not exhausted his administrative remedies.[2] Accordingly, I dismiss petitioner's petition for an extraordinary writ, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 7th day of December, 2009.

Jackson L. Kiser
Senior United States District Judge

---

[2]Alternatively, I decline to construe the petition as a civil rights action because I find that petitioner's claims about the future confiscation and destruction of his property is presently too conjectural to constitute standing to pursue a civil rights action and he fails to presently identify a substantial burden. See 42 U.S.C. § 2000cc-1; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) ((holding that standing requires injury, causation, and redressability); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) (same).